Good morning, Your Honors. My name is Danny Yadrin, and I represent Mr. Campos-Atrisco. I will try to keep track of my own time for rebuttal. All right. Thank you. The magistrate judge contravened this court's decision in Cuchablase when the judge interrupted closing argument while the defense was arguing that the government had not proven alienage beyond a reasonable doubt to say, and this is from ER-124, if he admitted to being a citizen of Mexico and has not in any way, to counsel or otherwise, indicated that he is also a citizen of the United States, I'm not sure what your theory is. That impermissibly shifted the burden onto the accused. That comment crossed Cuchablase's line of showing a causal connection between Mr. Campos-Atrisco's failure to acquit himself and the finding of guilt. In other words, if he did not say he is a U.S. citizen, he is guilty. And Cuchablase teaches that such statements cause two intertwined Fifth Amendment problems. They improperly shift the burden of proof from the prosecution to the defense, and they improperly draw a negative inference from the defendant's failure to testify. And this statement does both. The magistrate judge shifted the burden again when the judge offered the first explanation of the judge's finding of guilt, and this is at ER-130. He could have also added that he was also a citizen of the United States or Venezuela or someplace else. He could not. This again shows the magistrate judge presuming the worst because the defendant did not acquit himself. He did not, therefore he could not. Well, counsel, I understand the argument, and I think if you take those statements that you focus on out in isolation, it suggests that maybe there's an issue there to talk about. But the magistrate judge also went into the other evidence as well, the lack of hiking equipment, the fact that he was wearing booties at the time. So more was considered than that. Can you address how the totality of the circumstances still is problematic? Yes, Your Honor. So, yes, Cochables teaches that you can't just look at the statements in isolation. You have to look at the whole context. But that context only helps Mr. Campos-Atrisco. For one, the evidence in this case was far weaker than you normally have in these illegal entry cases. You have no prior deportation order. You have no finding by an immigration judge. You have no birth certificates. You have no evidence of the parent's nationality. The entire A file in this case is the record from this arrest. And similarly, if you look at the magistrate judge's formal announcement of the finding of guilt, the focus is remarkably on what Mr. Campos-Atrisco did not say, rather than the apparently overwhelming evidence the government presented. The magistrate judge begins, and this is again at ER 30, by noting what Mr. Campos-Atrisco did not and apparently could not say. The magistrate judge then goes on to talking about how the problems, in the judge's view, with the hiking theory. And then when the judge eventually shifts to talking about the government's positive case, what should be the real focus in a finding of guilt, the magistrate judge misstated the record. For example, the judge said that Mr. Campos-Atrisco admitted to illegally entering the country the day before. As the answering brief from the government acknowledges, no such evidence was presented at trial. There's one other point I would like to address. The government speaks at length that review is for plain error, and that is not so for a few reasons. One, Mr. Campos-Atrisco preserved this issue in closing argument while stating that the government had not proven alienage beyond a reasonable doubt. And at that point, the magistrate judge interrupted to say that Mr. Campos-Atrisco had not said to anyone or anyone else that he was a U.S. citizen. There was nothing else for Mr. Campos-Atrisco to say. And the government appeared to acknowledge that because in the intermediate appeals to the district court, the government did not raise plain error. Now, this court has held repeatedly that the government can waive waiver. And although this court has not addressed the case in the exact same procedural posture, the Second and Eleventh Circuits have held that if a party, whether it's us or the government, does not raise an issue on appeal when it could have to the district court after proceedings before the magistrate, that issue cannot be raised for the first time on appeal to the circuit. In those cases, we're not in our briefing, but that's the Pallotti case at 622 F. 3rd at 1360, and that's the Eleventh Circuit. And Walsh-Eachin, that is the Second Circuit case that's at 979 F. 3rd at 165. Your Honors, I have no further questions. I'd like to re-save the remainder of my time for rebuttal. All right. May it please the Court, Zach Howe for the United States. No burden shifting occurred here. The magistrate judge stated the correct burden at the outside of its analysis, stated the correct burden at the end of its analysis, and all throughout its analysis, it focused on the various pieces of evidence that the government offered, showing that the government had, in fact, met its burden. It focuses on the admission that Campos made to being a Mexican citizen, the fact that he admitted to having no documents, the fact that he entered the country 20 miles from the nearest port of entry and two miles north of the border, the fact that he was found in brush and rock, that he had no hiking gear and was not found on a hiking trail, the fact that he was wearing booties, the fact that databases didn't indicate that he had any status within the country. So that analysis, which is at pages 130 through 133 of the record, show that the magistrate judge is really engaging in sort of a workmanlike analysis of all of the evidence. That's not burden shifting. Now, I'm happy to address some of the points that my friend on the other side. But he did go on basically to say, well, the defense didn't put on any evidence. I missed the first part. Sorry, Your Honor. But the magistrate judge did go on to say essentially that the defendant had not put on any evidence. So I think you're referring to page 133 of the record, that no evidence comment. So I think two points are important about that. Let me quote. There was no evidence presented in this case to show that the defendant in this matter is USS. Exactly. So I think two points are important about that quote. First is that it comes at the tail end of that analysis of all that evidence I've just listed off. And so in context, it's clear that the court is saying, here's all the evidence that shows alienage, and there's no evidence to the contrary. And the very next sentence after the one you've just quoted is that, in fact, there's overwhelming evidence to show that Campos doesn't have status, and then the court goes on to discuss the databases and other evidence. So the contrast between no evidence of the defense and overwhelming evidence showing that the alienage element is met, combined with the fact that the court has just finished discussing all of that overwhelming evidence, makes very clear that the court is not saying that Campos has some burden to show alienage. The court is just saying you've got overwhelming evidence on one side of the ledger and no evidence to undermine that overwhelming evidence. Now the point that my friend on the other side led with was this comment at page 124 of the record, and I'm happy to address that. First of all, that comment comes long before the court ever gets to its analysis and findings. And I'm referring here to where the court is talking about the admission that Campos made in the field. He said he's a Mexican citizen. He never said to counsel or otherwise that he was a citizen of the United States, so I'm not sure what your theory is. That's the comment. And that comment comes long before the actual analysis and findings. So I think that Campos would need to, as an initial matter, show how this actually manifested itself when the court started making findings and analyzing the evidence. And I don't think that showing has been made. But even looking at that comment itself, there's nothing improper about it. The court is saying that in the field Campos admitted to being a Mexican citizen and he didn't say he was a citizen of anywhere else. That's not a requirement that Campos testified. That's just an accurate summarization of the evidence. And beyond that, the court makes very clear that it's just trying to understand what defense counsel is arguing. That's why the court ends with, so I'm not sure what your theory is. It's an invitation to clarify what defense counsel is arguing. And defense counsel does that. They go on to make a corpus delicti argument, and then when the court gets to the analysis, it's clear that the magistrate judge is receptive to that argument because while the court leads with the admission to being a Mexican citizen, it then goes on to discuss all of those other pieces of evidence like the manner of entry, the database searches, the admission to not having documents, the booties, all those other pieces of evidence that would eliminate any corpus delicti problem because that's additional evidence above and beyond the admission. So the court is receptive to the argument being made, and it's not saying you have to testify or anything like that. It's saying here is the evidence that shows that the government met its burden and overcame this corpus delicti issue. I'm also happy to address the standard of review. We think that you can affirm on either standard of review, so it's not the most important issue here. But it is certainly true that this court applies the standard that should have applied in the district court because, of course, the district court was fielding an appeal from the magistrate judge. This court is now reviewing the district court's order affirming. So this court should apply the standard that should have applied in the district court. Our position is that the district court just applied the wrong standard, and that is partially our fault. We didn't argue plain error to the district court, and so the district court just applied de novo review. But ultimately, unlike waiver, which is a defense, a standard of review, to my knowledge, is not waivable. And you can imagine why that would be. If the district court had said the standard of review I'm applying is I affirm no matter what, this court wouldn't be bound by that standard of review even if no one objected and even if no one offered the correct standard of review. So here you should apply the standard that should have applied in the district court, and that's plain error because there was no objection to burden shifting before the magistrate judge or in any post-trial motion to the magistrate judge or at any point before that appeal to the district court arose. Now, I think the argument being made is that just challenging the alienage element is enough to preserve the burden shifting argument. I'm not aware of any precedent that would support such a broad notion of preservation of issues. And, in fact, I think it would undermine the very purpose of preserving an issue, which is to bring the court's attention to the issue that you're raising. Simply saying I challenged an element of the crime is not going to alert the magistrate judge to the fact that there's some argument about burden shifting kind of lurking within the record. So I think the analysis should be for plain error review. But, again, whatever standard you're on, there is no error here. This case is, in many respects, easier than this court's Brobst case than its Kuchavlis case. In those cases, you actually had multiple comments by the magistrate judge about how there was no evidence, there was no proof, you don't have any evidence, you need evidence. There were these various comments about not having evidence or proof that were directed at defense counsel, and still this court held in those cases that no burden shifting occurred because, in context, the comments were simply a repudiation of the defense and not some attempt to make the defense prove something. So the court is saying, look, in context, it might have been an artful or imprecise, as the court says in Kuchavlis, but the court is just saying the government met its burden and the defense didn't cast any doubt on the evidence meeting that burden. Here, it's a very similar situation. You have that long analysis of the evidence, and the few comments that have been raised are really just the court saying there's no evidence undermining the evidence meeting that burden of proof. So I'm happy to address other questions if the court has them. Otherwise, I would ask that the court affirm. Just one clarification. It is in evidence, the defendant's statement of declaring Mexico as his state of citizenship, right? That piece is in evidence. The one thing that defense counsel mentions, and they're absolutely correct, is that the piece of evidence that wasn't admitted comes from the complaint, page 147 of the record. It's the very last sentence, and the district judge does refer to this. It's that statement that the defendant entered the country illegally the day before. Now, I'm happy to address that. There's two points on that. One is that while it might be true that it's improper for the magistrate judge to mention that piece of evidence, since it's not in evidence, that doesn't have anything to do with burden shifting, which is the only point that's been raised on appeal here. But the second point is that that statement was one statement. It's one sentence. It's page 132 of the record, and it was wedged between a discussion of a bunch of other pieces of evidence that were in evidence, like the fact that Campos hid from Border Patrol agents, the fact that he admitted to not having documents. And so, you know, you've got this four-page long analysis, and you've got this one sentence that I don't even think there's an argument here that that somehow swayed the analysis when it otherwise wouldn't have. So even if this had some relation to the actual issue in the appeal, then I think it would be harmless because it just didn't ultimately push the ball one way or another for the magistrate judge. All right. Thank you, counsel. Thank you. There are a few points I'd like to respond with. First, as to the magistrate judge correctly stating the proof beyond a reasonable doubt standard, this court has held, and this is in our briefing, that a lower tribunal is not entitled to state the correct legal standard but actually apply an incorrect standard. That is the Rodriguez case. That's at 683 F. 3rd, 1170 footnote 3. As to the comment at ER 124, the one I opened with, that was made during closing argument, and I am not aware of any case, and the government certainly has not cited any, showing a legal demarcation between comments a magistrate judge, when acting as fact finder, makes while interrupting closing argument and during the formal announcement of the verdict. I would also quibble with the characterization that a lot of time passed between those two moments. Indeed, the announcement of verdict was 30 minutes later. And finally, but also on that point, the magistrate judge said, I'm not sure what your theory is. Now, if my boss says that to me when I'm explaining a theory for a brief, I do not take that as he just wants me to explain better. I take that as he is not buying what I'm selling. The comments that the magistrate judge was merely summarizing evidence, that's not what happened here. And indeed, many of the cases, if not all of the cases cited by the government, are cases where you have a prosecutor in closing argument summarizing the evidence. But this court has drawn a line between summarizing the evidence given, that's permissible, and saying what the defendant himself has not said, and the latter is not permissible. And one clue to see on which side of the line a comment falls, this is from the Settle case, is if the prosecutor or the fact finder is using the pronouns or name of the defendant. And that's exactly what you have here, especially with the first two comments. You have the magistrate judge saying, if he admitted to being a citizen of Mexico and is not admitted to being a United States citizen, I'm not sure what your theory is. If he did not say he is a U.S. citizen, he could not. That is on the wrong side of Sano's line. Regarding plain error, this court has held repeatedly, and to cite just one case, and this was noted in our briefing, Pridget, 831 F3rd 1259, the government can waive plain error. Finally, on the point of the amount of evidence raised, this court noted in Sandoval-Gonzalez that even if you have such a case where a reasonable fact finder could find guilt, reversal is still warranted if you misapply the burden as to derivative citizenship. And that's exactly what happened here. This court affirmed the district court's denial of the Rule 29 motion, but nonetheless reversed because there was some indication by the judge and the prosecutor that the defendant had some burden to establish derivative citizenship. That was enough to taint the verdict. Finally, the comment in ER 133, Judge Thomas, I believe you were quoting that. To the extent one could read that in isolation as it being on the right side of the line of this court's cases, that you're merely talking about evidence, not what the defendant did or didn't say. When read in context, when the magistrate judge began the announcement of the findings of fact and conclusions of law with noting what Mr. Campos-Otrisco did or didn't say, the problems with the defense's theory of the case. And then in the middle, getting into the government's theory and then going back to talking about what the defense did not prove. That suggests the magistrate judge had the burden backwards. If the court has no further questions, I'll submit. We understand your arguments and we appreciate them. Thank you to both sides. The matter is submitted.
judges: THOMAS, NGUYEN, FORREST